**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**PEARLIE LYONS, President, and LYONS**
**TRANSPORTATION SERVICES, INC.,**

          **Plaintiffs,**

**-vs-**                                        Case No. 2:08-cv-76-FtM-34DNF

**THOMAS J. KENTER, Vice President and**
**Controller, NATIONAL EXPRESS GROUP,**

          **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

On February 7, 2008, the Court entered an Order (Doc. 9) which required the Plaintiff, Lyons Transportation Services, Inc. to retain counsel within thirty (30) days. Local Rule 2.03(e) provides that , "[a] corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." On March 12, 2008, the Court entered an Order (Doc. 13) allowing Lyons Transportation Services, Inc. an additional thirty (30) days to retain counsel.

A review of the Court docket reveals that Lyons Transportation services, Inc. has failed to retain counsel within the time period provided by the Court. Pursuant to 28 U.S.C. §1654, parties may appear and conduct their own cases personally. However, a lay person is not permitted to represent any other person or entity. *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel. *Id*., (citing, *Rowland v.*

*California Men's Colony*, 506 U.S. 194, 201-02 (1993)).  Pearlie Lyons as President of Lyons Transportation Services, Inc. is not permitted to represent the corporation.

Therefore, it is respectfully recommended that Lyons Transportation Services, Inc. be dismissed from this action for failing to comply with this Court's Orders, and failing to retain counsel.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __24th__ day of April, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record