# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**PEARLIE LYONS,**

        **Plaintiff,**

-vs-                                                                              Case No. 2:08-cv-76-FtM-99DNF

**THOMAS J. KENDER, Vice President and
Controller, NATIONAL EXPRESS GROUP,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** (Doc. No. 25)
>
> **FILED:** October 23, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The Defendant, Thomas Kender, Vice President and Controller, National Express Group, Inc. is requesting that the Court dismiss the Plaintiff's Complaint pursuant to Federal Rule 12(b) for failing to exhaust administrative remedies and for failing to state a claim upon which relief may be granted. The Plaintiff[1], Pearlie Lyons filed a response asking that the Court allow this action "to be permissible."

---

[1] Originally, there was a second Plaintiff, Lyons Transportation Services, Inc. Lyons Transportation Services, Inc. failed to obtain counsel as is required pursuant to Local Rule 2.03(e)

The Plaintiff filed three Complaints in this case. (See, Docs. 1, 7 and 22). In all of the Complaints, the Plaintiff's allegations are not stated clearly. In the most recent Complaint (Doc. 22), the Plaintiff alleges that she suffered employment discrimination pursuant to Title VII for "Unfair business practice; Loss of income; My gender; My race; and My national origin." (Doc. 22). Ms. Lyons claims that she lost gainful employment and wages due to her "race/color and gender." (Doc. 22). She claims that she was not treated fairly and her employment "would still be in place had it not been for my position as a Black African American Female in my position." (Doc. 22).

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

The Defendant raises two arguments in his Motion to Dismiss. The Defendant argues that the Plaintiff was an independent contractor and not an employee of the company that employs the Defendant, and second that the Plaintiff failed to exhaust her administrative remedies prior to filing this case.

---

and was dismissed from this action. (See, Docs. 14 and 15).

The Defendant in this action is "Thomas Kender, Vice President and Controller, National Express Group." The Plaintiff did not name the corporation, but only a vice president of the corporation. The Plaintiff failed to allege that she was an employee of the corporation or that the Defendant, Thomas Kender was her employer. The protections of Title VII only extend to employees regarding employment relationships and do not extend to independent contractors. *Dahl v. Ameri-Life Health Services of Sara-Bay, LLC*, 2006 WL 2884962, *3 (M.D.Fla. Oct. 10, 2006) and *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242-3 (11th Cir. 1998).

Before filing a Title VII action for discrimination, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the appropriate commission. *Ramon v. AT & T Broadband*, 195 Fed.Appx. 860, 865 (11th Cir. 2006) (citing *Gregory v. Ga. Dept. of Human Res.,* 355 F.3d 1277, 1279 (11th Cir. 2004)); *Poulsen v. Publix Super Markets, Inc.*, 302 Fed.Appx. 906, 907 (11th Cir. 2008). The charge must be filed within 300 days of the discriminatory act. *Id.* (citing *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002)). In the instant case, the Plaintiff failed to allege that she filed a charge of discrimination with any commission.

Based upon the Plaintiff failing to allege that she was an employee, that the Defendant was her employer, and that she exhausted her administrative remedies, the Court determines that the Plaintiff failed to state a claim upon which relief may be granted. The Court respectfully recommends that this action be dismissed. The Court further respectfully recommends that the Plaintiff be given the opportunity to file an amended complaint which sets forth a cause of action for discrimination.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  4th  day of  June  , 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record